*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0251p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

GREGORY YOPP,

        *Defendant-Appellant.*

No. 05-1807

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-80676—Avern Cohn, District Judge.

Argued: June 6, 2006

Decided and Filed: July 19, 2006

Before: MARTIN, MOORE, and ROGERS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Loren E. Gross, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Susan E. Gillooly, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Andrew N. Wise, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Susan E. Gillooly, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

    MARTIN, J., delivered the opinion of the court, in which MOORE, J., joined. ROGERS, J. (p. 5), delivered a separate dissenting opinion.

_____

## OPINION

_____

    BOYCE F. MARTIN, JR., Circuit Judge. The defendant, Gregory Yopp, pled guilty to violating the terms of his supervised release. The district court sentenced Yopp to the statutory maximum of twenty-four months imprisonment in order to force Yopp to participate in the Federal Bureau of Prisons 500 hour drug treatment program. Yopp now appeals, arguing that his sentence is unreasonable because the district court did not consider the policy statements in Chapter Seven of the Sentencing Guidelines, that the district court failed to sufficiently consider the 18 U.S.C.

§ 3553(a) factors, and that the sentence was greater than necessary to provide Yopp with treatment.[1] For the following reasons, we VACATE Yopp's sentence and REMAND for resentencing.

## I.

Having just served twenty-four months imprisonment for distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), Yopp unwisely and almost immediately began violating the terms of his supervised release. These violations included failed drug tests, missed counseling sessions, and missed testing appointments. The violations were numerous. Yopp had also been referred to the Lincoln Behavioral Center where he was diagnosed with paranoid schizophrenia and ordered to report twice per month. He stopped doing this too. Finally, Yopp failed to report to his probation officer three times. As a result of these violations, the district court issued a warrant for Yopp's arrest. A search incident to Yopp's arrest revealed a knife in his waistband and Yopp was given an instant drug test which returned positive for marijuana, cocaine, and opiates.

Eventually a supervised release hearing was held where Yopp pled guilty to most of the charges. Before imposing sentence, the district court stated that allowing Yopp to remain free or in a halfway house would be unlikely to help Yopp, but that enrollment in the prison drug program could "turn him around." The district court thoughtfully continued the sentencing hearing for two weeks in order to determine Yopp's eligibility for the 500 hour program.

Venturing its opinion, the probation office submitted a report suggesting that Yopp "would benefit from a 500 Hour Residential Drug Treatment Program that addresses both his substance abuse and mental health needs." The probation office determined that the program lasts "nine months, however, it may take three months to designate and screen the needs of the individual." The probation office then recommended a sentence of twenty-four months incarceration, which the district court adopted.[2]

Eager to challenge the sentence, defense counsel attempted to argue that a twelve-month sentence would be sufficient to allow Yopp to participate in the 500 hour program. The district court stated that "there's no way it can be done in 12 months" and refused to decrease the twenty-four month sentence. Yopp now appeals, arguing that his sentence is unreasonable because the district court did not consider the Chapter Seven policy statements, that the district court did not adequately consider the section 3553(a) factors, and that the sentence was greater than necessary to provide Yopp with drug and mental health treatment.

---

[1] Yopp also urges this Court to exercise its supervisory powers to create a rule requiring district courts in this Circuit to permit defense counsel to comment upon information provided by the probation department prior to imposing a sentence for revocation of supervised release. In light of the new Federal Rules of Criminal Procedure 32.1(b)(2)(E) and 32.1(c)(1), which became effective after Yopp's sentencing, we decline to create such a rule at this time.

[2] At sentencing, the district court stated:

Mr. Yopp . . . was on a downward spiral. He has both mental health and substance abuse problems, and the only thing that will rescue him, in the Court's view, from a disaster is if he gets in-house treatment and that can best be accomplished by him going into the Bureau of Prisons' 500-hour program. To do that, it requires a sentence of 24 months, according to the probation officer's recommendation. That would give him enough time to get in, have the Bureau assess his condition, and allow for his participation in a program. Anything short of that is a recipe for personal disaster, so the Court will give you custody with the Bureau of Prisons for a term of 24 months.

**II.**

Last year the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which, among other things, held that we now review sentences for reasonableness. *See also United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (holding that "we may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such consideration"). Prior to *Booker*, however, in *United States v. Washington*, we held that a defendant could appeal a sentence that "was imposed for an offense for which there is no sentencing guideline [*i.e.*, a revocation sentence] and is *plainly unreasonable*." 147 F.3d 490, 491 (6th Cir. 1998) (citing 18 U.S.C. § 3742(a)(4)) (emphasis added); *see also United States v. Carr*, 421 F.3d 425, 429 (6th Cir. 2005) (reviewing a sentence imposed after revocation of supervised release to see "if it shows consideration of the relevant statutory factors and is not plainly unreasonable"). *Booker* excised section 3742(e) and replaced it with the reasonableness standard. Since that time, other circuits have adopted the new reasonableness standard for sentences imposed after revocation of supervised release, *see*, *e.g.*, *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005); *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005), or held that the two standards are the same, *see*, *e.g.*, *United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005). On the facts of the case before us today, we believe that the sentence must be vacated under either standard.

Viewing the transcripts and record, there is no evidence of the district court's consideration of the Chapter Seven policy statements.[3] For this reason, the sentence must be vacated. Furthermore, the twenty-four month sentence, in our opinion, is substantively plainly unreasonable because it is "greater than necessary to comply with the purposes set forth in [§ 3553(a)(2)]." 18 U.S.C. § 3553(a).

"Even though policy statements contained in Chapter Seven of the Sentencing Guidelines are merely advisory, a court must still consider them prior to imposing sentence for revocation of supervised release." *Carr*, 421 F.3d at 431 (internal quotations omitted). Pursuant to the policy statements, Yopp committed Grade C violations of his supervised release because none of his violations constituted a federal, state, or local offense punishable by a term of imprisonment exceeding one year. U.S.S.G. § 7B1.1. With a Grade C violation and a criminal history category of I, Yopp's recommended sentence was three to nine months imprisonment.

The district court, however, did not mention the policy statements or the advisory guideline range at either of the two revocation hearings. We have, in the past, presumed that the district court considered the policy statements where the district court reviewed a probation report that contained the recommended sentencing range. *See United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999). Yopp's report, however, did not contain any such reference, and the presumption would be inappropriate under these circumstances. Thus, in the absence of this evidence in the record, the sentence must be vacated and the case remanded for resentencing.

Hopeless is the government's counter-argument — that this Court can infer that the district court considered the policy statements because the district court stated that it had "spent considerable time discussing" the case with the probation officer. As stated above, the report contains no reference to the policy statements and thus there is no evidence that the probation officer considered them. If there is no evidence that the probation officer considered the statements, we

---

[3]The Chapter Seven policy statements are used during a supervised release revocation hearing in a manner similar to the advisory Guidelines at sentencing. The district court first classifies the violation of supervised release (Grade A, B, or C), *see* U.S.S.G. § 7B1.1, and then uses that classification and the defendant's criminal history category to find a suggested range of imprisonment in the Revocation Table, *see* § 7B1.4.

cannot infer that the district court considered them from the fact that the court discussed the case with the probation officer.

As we conclude that the district court erred by not considering the policy statements, we need not reach the question of whether the sentence was unreasonable in light of the statutory factors. Nevertheless, because we believe that the sentence is also substantively unreasonable, we therefore address the argument.

Many times we have emphasized that a district court's mandate is to "impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in [§ 3553(a)(2)]." 18 U.S.C. § 3553(a). In that vein, we have also emphasized that reasonableness is the *appellate* standard of review. *See United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2005). In order to determine whether a district court has complied with the statute, we have stated that there must be "sufficient evidence in the record to affirmatively demonstrate the court's consideration" of the relevant section 3553(a) factors. *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006).

Moreover, that some district courts might have simply sentenced Yopp with far less thought and consideration than the dedicated district judge below does not render the sentence reasonable. The sole purpose of the sentence imposed, as articulated by the district court, was for Yopp to obtain mental health and substance abuse treatment. As discussed earlier, the district court stated emphatically that it was sentencing Yopp to twenty-four months of imprisonment so that he could participate in the 500 hour drug treatment program. The period of twenty-four months, however, was calculated by adding the following: three months to designate and screen Yopp's needs and nine months for the actual program. This, of course, only adds up to twelve months. The probation officer also recommended that Yopp spend six months in a Community Corrections Center, *i.e.*, a halfway house, but the district court rejected this recommendation by stating that it did not believe Yopp would benefit from such an environment.

Even adding these six months to the calculation, that still only adds up to eighteen months. It is possible, of course, that the district court also believed that additional punishment was necessary based on one or more of the section 3553(a) factors. Evidence of such reasoning, however, does not appear in the record for our review. *See United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005) (reaffirming that "we as an appellate court must still have the articulation of the reasons the district court reached the sentence ultimately imposed").

Reaching this conclusion does not mean that on remand the district court cannot consider imposing the same or a similar sentence. Based on the factors discussed above, however, particularly the absence of consideration of the Chapter Seven policy statements (which recommend a sentence of three to nine months), and the absence of an articulated basis for twenty-four month sentence in light of the recommended range, we must conclude that the sentence imposed was unreasonable and plainly unreasonable because it was greater than necessary to comply with the purpose of sentencing.

———————————

**DISSENT**

———————————

ROGERS, Circuit Judge, dissenting. I would affirm the sentence because it is substantively reasonable, and the court's failure to consider on the record the Chapter Seven policy statements amounted, at most, to harmless error. The district court in this case thoughtfully sentenced Yopp to the term of incarceration that would best serve his interests.

While the district court should have considered the policy statements on the record, its failure to do so does not automatically warrant vacating the sentence. Nothing in the record indicates that Yopp asked the court to consider the advisory Guidelines range. Therefore, the plain error standard likely applies. *See United States v. Steele*, No. 98-3654, 1999 WL 776314, at *1 (6th Cir. Sept. 23, 1999). One could argue that, because the district court interrupted Yopp's objections on other grounds, it effectively precluded him from raising the issue of the policy statements, and that therefore Yopp should not have to demonstrate plain error. *Cf. United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004) (announcing a new rule requiring district courts, at ordinary sentencing hearings, to ask the parties whether they have any objections before adjourning). But even assuming that the plain error standard is not applicable, the court's error was harmless. The court made it clear that it was sentencing Yopp to whatever term was necessary for him to obtain effective drug treatment, going so far as to say that "[a]nything short of that is a recipe for personal disaster." Because the district court sentenced Yopp to a term of twenty-four months to insure effective treatment, it is clear that the court would have not imposed a lesser sentence upon consideration of the policy statements.

The district court's sentence was moreover substantively reasonable. The probation officer recommended that the district court impose the twenty-four-month sentence because such a term was necessary for Yopp to participate in the 500-hour drug treatment and community corrections programs. It was reasonable for the district court to adopt the sentence recommended by the probation officer because of the officer's expertise in how much time was necessary for inmates to obtain effective drug treatment.