**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0512n.06
Filed: July 19, 2007

No. 06-2159

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| DONNIE D. YOUNGER, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| | ) | |
| _____ | ) | |

**Before: MOORE and GILMAN, Circuit Judges, and FORESTER,[*] District Judge.**

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Donnie D. Younger ("Younger") appeals the sentence imposed upon the revocation of his probation, on the ground that it is substantively unreasonable. For the reasons set forth below, we **AFFIRM** the sentence.

**I. BACKGROUND**

Younger was convicted of mail theft in violation of 18 U.S.C. § 1709 and sentenced on September 28, 2005 to a two-year term of probation, including sixty days' home confinement, and ordered to pay a special assessment of $100. The conditions of his probation required Younger to refrain from using controlled substances, submit to periodic drug testing, and, if required by the probation department, participate in a substance-abuse program. Younger subsequently tested

_____

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

positive for cocaine on several urine tests, and accordingly, on December 22, 2005, in accordance with the parties' joint motion, the district court imposed an additional condition requiring Younger to reside at a community corrections center for 120 days and participate in substance-abuse counseling there.

On June 22, 2006, after completing the counseling program, Younger once again tested positive for cocaine. The district court issued a warrant for his arrest on July 19, 2006, and, on August 9, 2006, ordered him held without bond pending revocation of his probation. On August 22, 2006, the district court held a revocation hearing, at which defense counsel requested that Younger be sentenced to a term of imprisonment of fifteen days, which was the amount of time he had already served while awaiting the hearing, despite the fact that the advisory Guidelines range for Younger's violation was six to twelve months. Counsel for the United States requested an upward variance to a sentence of twenty-one months' imprisonment, which would render Younger eligible for custodial substance-abuse treatment.

At the conclusion of the hearing, the district court found Younger to have violated the conditions of his release, revoked his probation, and sentenced him to twenty-one months' imprisonment, two years of supervised release subject to various conditions, and costs. In pronouncing the sentence, the district court stated its reasoning, as follows:

> [I]t seems to me that you could benefit from a long[-]term inpatient substance abuse treatment program. Now in order to get that for you, it's required that there be a minimum custody term of 21 months. And—so that you'd be eligible to participate in the prison system's 500[-]hour comprehensive drug treatment program. And it seems to me that that's appropriate in your situation given your . . . drug problem here.
>
> Accordingly, . . . the sentence imposed by the Court on this matter on your conviction of violating your condition of probation, and I do find that you have

2

violated. You are guilty by your own admission of violating your condition of probation.

Under those circumstances it's the judgment of this Court that your probation status is revoked and pursuant to the Sentencing Reform Act of 1984, it's the judgment of this Court that you'll be committed to the custody of the United States Bureau of Prisons for a term of 21 months.

A sentence in this case above the suggested guideline imprisonment range is being imposed because it would make you eligible to participate in the 500[-]hour comprehensive drug treatment program. If I sentence you within the guideline range, then you wouldn't be eligible for that program and I think you need that program quite frankly. I also strongly recommend that you be designated to serve your sentence in a facility in which you can participate in the 500[-]hour comprehensive drug treatment program.

Joint Appendix ("J.A.") at 50-51 (Revocation Hr'g Tr. at 28-29). Younger now appeals.

## II. ANALYSIS

### A. Standard of Review

Prior to the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), we reviewed sentences imposed during revocations of supervised release for "plain unreasonableness." *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999) ("We will affirm a district court's sentence of imprisonment upon revocation of supervised release[1] if it shows consideration of the relevant statutory factors and is not plainly unreasonable."). As we noted last year in *United States v. Soto*, however, many of our sister circuits have since concluded that *Booker* replaced that standard with one of "reasonableness." 189 F. App'x 470, 471 n.2 (6th Cir. 2006) (collecting cases). In this case, as in *Soto*, we decline to determine whether *Booker* dictates a new

---

[1]The relevant Sentencing Guidelines policy statement treats probation revocation and revocation of supervised release identically. *See* U.S. SENTENCING GUIDELINES MANUAL §§ 7B1.3, 7B1.4 (2004); *see also United States v. Yopp*, 453 F.3d 770, 773 n.3 (6th Cir. 2006) ("The Chapter Seven policy statements are used during a supervised release revocation hearing in a manner similar to the advisory Guidelines at sentencing.").

3

standard, because we conclude that the sentence imposed by the district court is reasonable under either formulation. *Id.*

The Supreme Court recently clarified the manner in which we are to review sentences for substantive reasonableness under *Booker*. In *Rita v. United States*, the Court held that we may choose to apply a presumption of reasonableness to a within-Guidelines sentence. 127 S. Ct. 2456, 2462 (2007). The *Rita* Court reasoned that such a sentence reflects the agreement of both the Sentencing Commission and the district judge as to the appropriate length of incarceration for a defendant convicted of a particular crime. *Id.* at 2464-65. Given that agreement, the appellate "presumption" of reasonableness is akin to a prediction that, where two expert authorities are in agreement, they are likely to be correct.

Put another way, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale." *Id.* at 2463. The Commission, in establishing the generally applicable, "wholesale" Guidelines, is prescribing what it believes to be the appropriate sentence for what might be called a typical offender, with a particular set of characteristics, convicted of a particular crime. The sentencing judge then makes the "retail" determination whether an individual defendant is typical. Viewed in this light, the appellate "presumption" of substantive reasonableness is simply our acknowledgment of this congruence.

In this case, the sentence imposed by the district court is greater than the Guidelines maximum and is not, therefore, entitled to any appellate presumption of reasonableness. As the *Rita* Court took care to note, however, no federal appellate court has ever held, nor did either party in *Rita* argue, that non-Guidelines sentences are presumptively *un*reasonable. *Id.* at 2467. Indeed, we have

4

held that no presumption of any kind attaches to non-Guidelines sentences. *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006).

## B. Younger's Sentence

In arguing that the district court's upward variance was substantively unreasonable, Younger relies heavily upon our opinion in *United States v. Yopp*, 453 F.3d 770 (6th Cir. 2006). The district court in *Yopp* premised its sentencing decision upon the defendant's need to participate in the same 500-hour drug treatment program at issue here. *Id.* at 772. That court had been advised by the probation office that the program itself was nine months long and that three additional months might be required for preparatory screening. *Id.* The probation office went on, however, to recommend a twenty-four-month sentence, which the district court subsequently imposed:

> Mr. Yopp . . . was on a downward spiral. He has both mental health and substance abuse problems, and the only thing that will rescue him, in the Court's view, from a disaster is if he gets in-house treatment and that can best be accomplished by him [sic] going into the Bureau of Prisons' 500-hour program. To do that, it requires a sentence of 24 months, according to the probation officer's recommendation. That would give him enough time to get in, have the Bureau assess his condition, and allow for his participation in a program. Anything short of that is a recipe for personal disaster, so the Court will give you custody with the Bureau of Prisons for a term of 24 months.

*Id.* at 772 & n.2 (alteration in original) (internal quotation marks omitted). Yopp's counsel objected on the ground that a twelve-month sentence would be sufficient to allow Yopp to participate in the program, but the district court refused to reconsider its sentence, stating that "there's no way it can be done in 12 months." *Id.* at 772 (internal quotation marks omitted).

On appeal, we vacated Yopp's sentence, which we noted was both procedurally[2] and substantively[3] unreasonable:

> [T]hat some district courts might have simply sentenced Yopp with far less thought and consideration than the dedicated district judge below does not render the sentence reasonable. The sole purpose of the sentence imposed, as articulated by the district court, was for Yopp to obtain mental health and substance abuse treatment. As discussed earlier, the district court stated emphatically that it was sentencing Yopp to twenty-four months of imprisonment so that he could participate in the 500[-]hour drug treatment program. The period of twenty-four months, however, was calculated by adding the following: three months to designate and screen Yopp's needs and nine months for the actual program. This, of course, only adds up to twelve months. The probation officer also recommended that Yopp spend six months in a Community Corrections Center, *i.e.*, a halfway house, but the district court rejected this recommendation by stating that it did not believe Yopp would benefit from such an environment.
>     Even adding these six months to the calculation, that still only adds up to eighteen months. It is possible, of course, that the district court also believed that additional punishment was necessary based on one or more of the section 3553(a) factors. Evidence of such reasoning, however, does not appear in the record for our review.

*Id.* Our conclusion in *Yopp*, then, was that the district court's sentence was substantively unreasonable because it did not comport with the district court's own statement of reasons for selecting the sentence and was therefore greater than necessary to achieve the purposes of sentencing.

In this case, however, the record is devoid of any evidence or suggestion that anyone disputed the fact that—as the district court expressly found—twenty-one months was the minimum sentence

---

[2]We held the sentence procedurally unreasonable because the district judge failed to consider the policy statements set forth in Chapter Seven of the Sentencing Guidelines. 453 F.3d at 772-73.

[3]We note that *Yopp*'s discussion of substantive reasonableness was linked directly to the procedural problems with the district judge's sentencing. 453 F.3d at 774 ("As we conclude that the district court erred by not considering the policy statements, we need not reach the question of whether the sentence was unreasonable in light of the statutory factors. Nevertheless, because we believe that the sentence is also substantively unreasonable, we therefore address the argument."). After discussing the length of the sentence in *Yopp*, we concluded that the sentence was greater than necessary in light of the factors discussed by the district judge. *Id.*

necessary to render Younger eligible to participate in the 500-hour treatment program. J.A. at 50 (Revocation Hr'g Tr. at 28). We decline to overturn that finding, particularly on the basis of a report made by a probation officer in a different case one year earlier. Even assuming that that report was accurate when made, both the structure of the drug-treatment program and the screening and diagnostic procedures that must precede it may have changed significantly in that time. Accordingly, because the district court's sentence is consistent with its statement of the facts and reasoning underlying its decision, we hold that the sentence does not suffer from the flaws found in *Yopp*. Under these circumstances, we cannot say that the twenty-one-month sentence fails to comply with the requirement that a sentence be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

## III. CONCLUSION

For the reasons set forth above, the sentence imposed by the district court is **AFFIRMED**.