**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0600n.06

No. 08-6396

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

**Aug 25, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff - Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| WILLIE JACK, | ) | |
| | ) | |
| **Defendant - Appellant.** | ) | |
| _____ | ) | |

**Before: KEITH, SUTTON, and WHITE, Circuit Judges.**

**WHITE, Circuit Judge.** Defendant Willie Jack appeals the district court's revocation of supervised release and imposition of a 12-month sentence to be followed by two years' supervised release. We **AFFIRM**.

On April 21, 1998, the United States charged Jack with conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Jack pled guilty and the district court sentenced him to 80 months' imprisonment and five years' supervised release.

Jack began serving his supervised release on August 13, 2004. On May 15, 2006, probation officer Scott Smith petitioned the court for an arrest warrant, alleging that Jack had failed to report to him, had failed to answer inquiries truthfully, and had tested positive for marijuana. Smith

submitted an amended petition on June 5, 2006, adding allegations regarding two altercations between Jack and police officers.[1]

At a June 22, 2006 hearing, Jack admitted the violations and the district court revoked supervised release and sentenced Jack to 18-months' imprisonment, followed by 3 years' supervised release. Jack appealed and this court affirmed. *United States v. Jack*, 231 F. App'x 483 (6th Cir. 2007).

Jack was released from prison and began serving his second term of supervised release on October 5, 2007. On July 10, 2008 Smith again petitioned the court for revocation of Jack's supervised release. The petition alleged that after a January 25, 2008 drug screen, Jack tested positive for use of marijuana, admitted using marijuana, and was placed in individual counseling at the Midway Sanction Center. The petition further alleged that following his placement, Jack tested positive for marijuana in three screenings on February 25, 2008, April 25, 2008, and May 1, 2008. With regard to the February 25 test, Jack admitted using marijuana. Following the receipt of the April and May results, Jack denied using marijuana. Additional tests by Kroll Laboratories (Kroll), however, confirmed that Jack "reused marijuana prior to each [April 25 and May 1] of these collections." (Pet. for Warrant for Offender Under Supervision, July 10, 2008 (Doc. 77) at 2.) On

---

[1]On May 22, 2006, police stopped Jack for speeding and Jack fled on foot. The following day, officers found and confronted Jack, causing him to flee again and leading the police to subdue him with a taser.

June 30, 2008, Jack submitted another drug screen and tested positive for marijuana. He again denied using the drug and Kroll again confirmed the positive result.[2]

At the ensuing September 30, 2008 revocation hearing, Jack did not contest the charges in the petition. Jack did, however, speak with regard to his sentence. Jack claimed that he had changed since his first supervised release; after his release from prison in October 2007, he got a job, attended counseling sessions, and lived on his own. But he also admitted that he "messed up" and "caught a couple of dirty urines." (Hr'g Tr., Sept. 30, 2008 (Doc. 102) (hereinafter Tr.) at 24.) Jack noted that since his June 2008 test he had not tested positive again. Arguing against another jail sentence, Jack said he needed "a chance to prove to you, you know, to somebody, you know I guess that cares, you know, if a person is making it . . . . Yes, I messed up smoking, but I can get better. The same way I got better the last time that I was out, I can prove that I can be better this time, you know." (*Id.* at 25.) He concluded by requesting that the court give him "another chance." (*Id.* at 26.)

The policy statement in Chapter Seven of the Guidelines Manual recommended 6 to 12 months' imprisonment. U.S. Sentencing Guidelines Manual (U.S.S.G.) § 7B1.4(a) (2007) (Policy Statement).[3] In contrast, the government requested a 36-month sentence with no additional

---

[2]In between the February and April tests and the May and June tests, Jack tested negative for drugs on several occasions. Smith's petition also noted that on December 28, 2007, Jack submitted a urine specimen to the probation office which Kroll later determined to have been "extremely diluted." (Pet. for Warrant for Offender Under Supervision, July 10, 2008 (Doc. 77) at 2.)

[3]There are no Guidelines for sentences imposed pursuant to revocations of supervised release. The Sentencing Commission instead issues policy statements that "provide guidance while allowing for the identification of any substantive or procedural issues that require further review." U.S. Sentencing Guidelines Manual (U.S.S.G.) ch. 7, pt. A, Introductory Comment 1 (2007); *see United*

supervised release, while defendant argued that sanctions other than incarceration were appropriate. After considering U.S.S.G. §§ 7B1.3 and 7B1.4 and the factors listed under 18 U.S.C. §§ 3553 and 3583, the court revoked Jack's supervised release and sentenced him to 12-months' imprisonment followed by 24-months' supervised release. Defendant timely appealed.

After *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory and "appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007); *see also United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008). The review is two-tiered: the court must review for both procedural and substantive error. *Gall*, 128 S. Ct. at 597. The Sixth Circuit reviews "supervised release revocation sentences in the same way" that it reviews "all other sentences – under a deferential abuse of discretion standard for reasonableness." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (internal quotation marks omitted); *see also Gall*, 128 S. Ct. at 591 (holding a court of appeals "must review all sentences – whether inside, just outside, or significantly outside the Guidelines range – under a deferential abuse-of-discretion standard").

Although Jack does not specifically say so, he appears to claim that his sentence is both procedurally and substantively unreasonable. Therefore, we review the sentence for procedural reasonableness and then, if necessary, analyze the substantive reasonableness of the sentence. *See United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008) ("In reviewing sentences after *Booker*, we 'first ensure that the district court committed no significant procedural error.' We

_____

*States v. Bolds*, 511 F.3d 568, 579 n.5 (6th Cir. 2007).

then consider 'the substantive reasonableness of the sentence imposed.'" (internal citation

omitted) (quoting *Gall*, 128 S. Ct. at 597)).

Jack alleges that the trial court unreasonably sentenced him to 12-months' imprisonment

by failing to "involve a proper application of the factors set forth in 18 U.S.C. Section 3553(a),

pursuant to Section 3583(c)."[4]  (Br. of Appellant at 15.)

In order to meet the requirements of procedural reasonableness, "the sentencing judge must

'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has

a reasoned basis for exercising his own legal decisionmaking authority.'" *United States v. Klups*, 514

F.3d 532, 537 (6th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).  On review,

an appellate court must,

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.

*Gall*, 128 S. Ct. at 597; *see Bolds*, 511 F.3d at 581.  When a court imposes a term of imprisonment

after revoking a defendant's supervised release, it must also be certain to consider the relevant

statutory factors contained in 18 U.S.C. § 3583(e) and the policy statements contained in Chapter

---

[4] 18 U.S.C. § 3583(e) ("Modification of conditions or revocation") and § 3583(c) ("Factors to be considered in including a term of supervised release") both instruct the court to consider the same sub-sections of 18 U.S.C. § 3553(a), namely:  (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Seven of the Sentencing Guidelines Manual. *See, e.g.*, *United States v. Polihonki*, 543 F.3d 318, 323 (6th Cir. 2008); *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998) ("The statute's mandate is thus satisfied if . . . the district court's explanation of the sentence makes it clear that it considered the required factors."); *cf. United States v. Yopp*, 453 F.3d 770, 773 (6th Cir. 2006) (remanding where "there is no evidence of the district court's consideration of the Chapter Seven policy statements").

> Pursuant to 18 U.S.C. § 3583(e) a court,

> may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . .

> \* \* \*

> (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . .

Section 3553(a) directs sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." *Id.* § 3553(a). Paragraph two cites "the need for the sentence imposed – . . . (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* § 3553(a)(2). The other relevant portions of § 3553(a) instruct sentencing courts to consider: (1) "the nature and circumstances of the offense and the history and

characteristics of the defendant"; (4) "the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28"; (5) any pertinent policy statement issued by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

The relevant Guidelines Manual policy statement acknowledges that "[w]hen the court finds that the defendant violated a condition of supervised release, it may continue the defendant on supervised release, with or without extending the term or modifying the conditions, or revoke supervised release and impose a term of imprisonment." U.S.S.G. ch. 7, pt. A, Introductory Comment 2(b); *see* U.S.S.G. § 7B1.3 (Revocation of Probation or Supervised Release (Policy Statement)); *see also supra* note 3. Section 7B1.4 provides recommended imprisonment ranges based on a defendant's violation and criminal history. U.S.S.G. § 7B1.4.

At the revocation hearing, Jack admitted to the relevant violations. In order to fashion the proper sentence, the court heard testimony from the probation officer and Jack, and considered the government's and defendant's arguments. It then discussed the Chapter Seven policy statements and factors contained in 18 U.S.C. § 3583(e), which the court acknowledged "roughly in whole or in part parallel the Section 3553 factors." (Tr. at 36.) The court also correctly calculated the Chapter Seven advisory sentencing range and thoroughly examined the relevant § 3553(a) factors. After all these procedures and analyses, the court imposed a sentence of 12-months' imprisonment.

Because the district court did not commit a procedural error, much less a "significant procedural error," *Gall*, 128 S. Ct. at 597, we conclude that the district court's 12-month sentence was not procedurally unreasonable.

Jack also claims that a prison sentence for his violations of the conditions of his supervision is substantively unreasonable because he did not need to be deterred from committing further crimes, there was no proof that his violations endangered the public, and more intensive treatment options were available.

An appellate court may find a sentence "to be substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (internal quotation marks omitted); *cf. United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007) ("Although we have noted that the border between factors properly considered 'substantive' and those properly considered 'procedural' is blurry if not porous, our post-*Booker* jurisprudence requires us to consider each of these factors in determining whether a sentence is reasonable." (internal citation omitted)). The reviewing court, however, must give "'due deference' to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors." *Bolds*, 511 F.3d at 581.

In this case, Chapter Seven recommended a range of imprisonment of 6 to 12 months. U.S.S.G. § 7B1.4. In his testimony, the probation officer proposed an 18-month sentence followed by five-years supervision or a 24-month sentence with no supervision. The government requested

imprisonment for 36 months with no supervision. Defendant requested the application of a sentence that would not include additional time in prison. (Tr. at 34 (defense counsel's statement that "[y]ou know, maybe that's what we're in the business of, is just incarcerating people. But we have a chance here, I think, to do something different. . . .").)

The revocation hearing transcript reveals that the district court considered the relevant statutes and policy statements and weighed the parties' arguments. The court noted that the government's recommendation "would result in, at a minimum, 24 months above the guidelines policy statement of from six to 12 months." (Tr. at 40.) The court considered Jack's "demonstrated progress toward becoming a productive member of society" but also noted that that progress "has been hindered by [defendant's] admitted illegal drug use." (*Id.*) Because the government's recommendation "would fail to reflect the Defendant's progress since his first revocation of supervised release" and defendant's request for time served "would fail to reflect the severity of his continued lack of compliance with the terms of supervised release and the need for deterrence for this and other defendants," the court sentenced Jack to a term of 12-months' imprisonment to be followed by 24-months' supervised release. (*Id.* at 41.) *See Polihonki*, 543 F.3d at 323-25 (noting that the district court provided adequate reasoning, supporting the substantive reasonableness of the sentence); *see also United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) ("When a district court adequately explains *why* it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require that it exhaustively explain the obverse – *why* an alternative sentence was *not* selected – in every instance.").

The record does not show that "the incarceration imposed was an *unreasonable* sentence, regardless of whether it is the sentence" this court might have applied. *Liou*, 491 F.3d at 340. Rather, the record supports the government's position that the sentence was substantively reasonable. We, therefore, hold that the district court did not abuse its discretion when it revoked Jack's supervised release and sentenced him to 12-months' imprisonment.

For the aforementioned reasons, we **AFFIRM** the district court's sentence.