**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0707n.06

No. 17-1272

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 29, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| ANTHONY KAREEM VAUGHN, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

Before: CLAY, GIBBONS, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Defendant Anthony Vaughn appeals his above-guidelines sentence of twenty-four months of imprisonment, which the district court imposed for various supervised-release violations. Among other things, Vaughn moved from Michigan to Indiana without permission and then, when found by law-enforcement officers, engaged in a two-hour standoff with them. We review for abuse of discretion, and we affirm.

**I**

In 2005, Vaughn was charged in the Southern District of Indiana with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Vaughn pleaded guilty and was sentenced to seventy-eight months of imprisonment followed by five years of supervised release. In 2011, Vaughn was released from custody and began his term of supervised release. Before long, Vaughn had been charged with violating his conditions of release by possessing marijuana and possessing marijuana with intent to distribute. The district

court in Indiana revoked Vaughn's supervised release and sentenced him to eighteen months of imprisonment, after which Vaughn would continue on supervised release.

In February 2013, Vaughn was approved to transfer his supervision to the Western District of Michigan. Less than a year later, Vaughn was again charged with violating his conditions of release, this time for possessing methamphetamine, among other violations. The district court sentenced Vaughn to only three months in custody, followed by two years of supervised release (the first three months of which were to be served as home detention), but the court warned Vaughn that any future revocation of supervised release would likely result in the imposition of the maximum sentence allowed by statute.

In January 2016, Vaughn went to his probation office to provide proof of his income but, rather than waiting on the probation officer to make copies of his documents, promptly left without permission. He then disappeared and stopped all contact with his probation officer. It was more than a year before law-enforcement officers found Vaughn: he had moved out of Grand Rapids without permission, he absconded to Indianapolis, and, when Marion County Sheriff's deputies located him in a home there, he caused a two-hour standoff that culminated in the deputies' sending a K-9 into that home to find him. Vaughn was transported back to Grand Rapids for his violation-and-revocation hearing.

Vaughn was charged with ten violations of the conditions of his release, three of which were dismissed. The seven violations for which Vaughn was sentenced were refusal to submit his cell phone for a search, failure to report for drug testing, failure to notify his probation officer about contact with law enforcement, failure to provide financial information, failure to follow instructions, failure to provide notice of change in residence or employment, and leaving the judicial district without permission. All the violations were "Grade C," meaning that with

Vaughn's criminal-history category of I, the Guidelines punishment range was three to nine months of imprisonment. *See* USSG §7B1.4(a). The statutory maximum, meanwhile, was five years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The district court conducted a hearing that lasted more than an hour, considered carefully the testimony that was presented, and adopted the probation office's sentencing recommendation, which was twenty-four months of imprisonment, with no supervision to follow because, as the court observed, "[i]t hasn't worked." Sentencing Hr'g Tr. 54:16. The district court noted that "probably the single biggest mistake Mr. Vaughn makes here, or anybody could make on supervision" was that he "just abscond[ed]. . . . That needs sanction." *Id.* 52:16–53:23. Vaughn did not object but did timely file his notice of appeal.

## II

Vaughn appeals his sentence as substantively unreasonable. We review sentences imposed following the revocation of supervised release under the same "deferential abuse-of-discretion standard" that we apply to sentences imposed following conviction. *United States v. Yancy*, 725 F.3d 596, 598 (6th Cir. 2013) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)); *see United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). "A sentence may be considered substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007). Under 18 U.S.C. § 3553(a), as the district court here recognized, the sentence imposed must, among other things, be "sufficient, but not greater than necessary . . . , to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *See* Sentencing Hr'g Tr. 50:21.

The record here makes clear that the district court did not impose an arbitrary sentence, base Vaughn's sentence on impermissible factors, fail to consider pertinent factors, or unreasonably weigh any factor. The district court stated, for example, that Vaughn's conduct

> needs sanction simply to promote respect for the law and vindicate the authority of the law and the general ability that the Court has, not just in Mr. Vaughn's case but every case, to have meaningful contact with its supervisees. And that's what I can't fundamentally get beyond here and fundamentally why I think the guideline range isn't enough in this case. It doesn't take into account what really happened here.

Sentencing Hr'g Tr. 53:23–54:5. And again:

> So I do intend revocation and a custodial term of 24 months which I think is needed here to vindicate the overall respect for the law and for the supervision process generally.

*Id.* 55:17–19. Throughout the sentencing hearing, the district court grappled thoughtfully with the question of Vaughn's sentence and ultimately decided on a sentence it called "stiff but not as stiff as it could be." *Id.* 54:12–13. The district court imposed a sentence of confinement without subsequent supervision specifically so that Vaughn, after serving his term of punishment, would then be "free to make his own life without interference from federal probation or from a federal court as long as he continues to honor the law and doesn't break it." *Id.* 54:18–21. The record reflects the district court's *use* of discretion, not an *abuse* of discretion.

Vaughn argues that the twenty-four-month sentence has "no quantifiable relationship to the § 3553(a) factors, and seemed to be strongly influenced by the district court's statement three years earlier that it intended to impose a serious retributive sentence on Mr. Vaughn" if he violated his terms of release again. Appellant's Br. 19. But, although a sentencing court must "ensure that the justification [for an upward variance] is sufficiently compelling to support the degree of the variance," *Gall*, 552 U.S. at 50, the court need not employ rigid mathematical formulas to derive a sentence. *See United States v. Richards*, 659 F.3d 527, 550 (6th Cir. 2011);

4

*contra* Appellant's Br. 16 ("[T]here is no equivalency table suggesting how many Grade C violations might 'be equal to' a Grade A violation."). A substantial variance, such as the one in this case, may require substantial justification, but the district court here amply met that requirement. Further, in part because the district court *did not impose* the statutory maximum five-year sentence, Vaughn's retribution argument fails.

In support of his position, Vaughn points to *United States v. Yopp*, 453 F.3d 770 (6th Cir. 2006). In *Yopp*, we vacated a twenty-four-month sentence for Grade C supervised-release violations where, as here, the Guidelines range was three to nine months of imprisonment. *Id.* at 771, 773. But in *Yopp*, the district court did not even mention the recommended range (or the policy statements in Chapter Seven of the Guidelines) at the defendant's revocation hearings, and our reversal was based on the complete "absence of an articulated basis for [the] twenty-four month sentence." *Id.* at 774. Indeed, the district court's sentence in *Yopp* was based solely on the court's unfounded belief that "there's no way" a certain drug-treatment program could have been completed in less than twenty-four months, when in fact the record revealed that the program could be completed in a year. *Id.* at 772, 774.

This case is a far cry from *Yopp*. The district court here carefully considered the imposition of an above-guidelines sentence and did not abuse its discretion in making its sentencing determination.

## III

We therefore **AFFIRM** Vaughn's sentence.