*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0357p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 06-2249

FREDDIE BROWN, III,

*Defendant-Appellant.*

>

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 03-80765—Robert H. Cleland, District Judge.

Argued: July 30, 2007

Decided and Filed: September 4, 2007

Before: BOGGS, Chief Judge; ROGERS, Circuit Judge; CALDWELL, District Judge.[*]

---

## COUNSEL

**ARGUED:** Bradley R. Hall, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Saima S. Mohsin, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Bradley R. Hall, Andrew Densemo, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Saima S. Mohsin, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

---

## OPINION

---

KAREN K. CALDWELL, District Judge. Defendant-Appellant Freddie Brown, III appeals the district court's judgment sentencing him to 24 months of imprisonment for violating conditions of his supervised release. Brown argues that the district court did not adequately consider the relevant Sentencing Guidelines policy statements or the sentencing factors listed in 18 U.S.C. § 3553(a). Specifically, Brown argues the district court only considered Brown's need for drug and alcohol treatment and failed to consider all other relevant factors. For the following reasons, we affirm Brown's sentence.

---

[*] The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**I.**

Prior to the district court's imposing the sentence at issue in this case, Brown had appeared before the district court for two revocation hearings and pleaded guilty to various supervised release violations, all of which involved the use of drugs or alcohol. At the first revocation hearing, the district court did not revoke Brown's term of supervised release but ordered that he be placed in a community correctional facility for 180 days. The district court further ordered Brown not to use or possess alcohol in any consumable form and to participate in a substance abuse treatment program.

At the second revocation hearing, the district judge revoked Brown's term of supervised release and sentenced him to six months in prison followed by a 30-month term of supervised release. Again, the district court ordered that, during his term of supervised release, Brown participate in a substance abuse treatment program and that he not use or possess alcohol in any consumable form.

Brown's second term of supervised release began on September 16, 2005. On five dates between December 29, 2005 and August 9, 2006, Brown submitted urine samples that tested positive for marijuana, cocaine, morphine, opiates or some combination of these substances. On August 9, 2006, Brown submitted to an alcohol breathalyzer test administered by his probation officer which revealed a blood alcohol content of .070. On September 20, 2005, Brown failed to appear for his initial intake appointment at a substance abuse treatment program and then failed to report for three individual treatment sessions at the program. On February 7, 2006, Brown submitted a "diluted" urine specimen and, on April 5, 2006, he did not report for a random urine screen. On July 10, 2006, Brown failed to report to the substance abuse treatment program after the probation officer instructed him to do so.

On August 31, 2006, Brown appeared before the district court for a third revocation hearing, at which he admitted that he had violated four terms of his supervised release, including the term prohibiting him from using alcohol, narcotics or controlled substances, the term requiring him to participate in a substance abuse treatment program, and the term requiring him to follow the instructions of the probation officer. The district court sentenced Brown to 24 months in prison. There is no dispute that the district court correctly determined that the applicable sentencing guideline range was 8 to 14 months. Brown appeals.

**II.**

In *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998), this court stated that a district court's sentence upon revocation of supervised release should be reviewed for an abuse of discretion. Pursuant to this standard, the district court's sentence should be affirmed if the district court considered the relevant factors listed in 18 U.S.C. § 3553 and the sentence is not "plainly unreasonable." *Id.* Brown argues, however, that in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the proper standard of review for sentences in supervised release revocation cases is "reasonableness." We decline to decide this issue in this case because the district court's sentence satisfies both standards.

In imposing a term of imprisonment following revocation of supervised release, the district court must consider the policy statements contained in Chapter Seven of the Sentencing Guidelines. *United States v. Yopp*, 453 F.3d 770, 773 (6th Cir. 2006); *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999). The district court must also consider the relevant statutory factors listed in 18 U.S.C. § 3553(a). *McClellan*, 164 F.3d at 310; 18 U.S.C. § 3583(e). The relevant factors include: "the nature of the offense; the need to deter criminal conduct, to protect the public, and to provide defendant with appropriate treatment; any guideline range for sentencing; guideline policy

statements; and avoidance of unwarranted disparities." *Washington*, 147 F.3d at 491 (citation omitted).

The reasonableness review consists of two inquiries: procedural reasonableness and substantive reasonableness. *United States v. Smith*, 474 F.3d 888, 894 (6th Cir. 2007). A sentence may be procedurally unreasonable if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), "and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)). The district court must also "explain[] its reasoning to a sufficient degree to allow for meaningful appellate review." *United States v. Trejo-Martinez*, 481 F.3d 409, 412-13 (6th Cir. 2007); *United States v. Davis*, 458 F.3d 505, 510 (6th Cir. 2006). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, — U.S. — , 127 S.Ct. 2456, 2468, — L. Ed.2d — (2007).

A sentence may be considered substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *Id*.

Citing *United States v. Yopp*, 453 F.3d 770 (6th Cir. 2006), Brown argues that the sentence should be vacated because the district court only considered the need to provide Brown with drug treatment and failed to consider all other relevant sentencing factors. While the district judge clearly considered the need to provide Brown with appropriate treatment, he also considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the other relevant sentencing factors.

At the hearing, the district judge correctly calculated and considered the appropriate sentencing guideline range. He also considered the nature and circumstances of the offense, noting that Brown was "repeatedly possessing and using illegal drugs between, specifically, late December of 2005 and August of 2006," and that Brown was also "possessing and using alcohol."

The district judge further noted that Brown had failed to "participate in good faith" or do what he needed "to do reasonably in order to be a participant and get some good out of " the substance abuse treatment program he had been ordered to attend. The district judge also noted Brown's prior violations of his supervised release conditions and the inefficacy of the prior sentences, stating, "Mr. Brown has been given numerous opportunities in an effort to try . . . to assist him" and noting "the Court's effort and the Probation Officer's efforts and counselor's efforts over the course of years to try to help him get on his feet and stay on his feet sober and reasonably healthy . . . ." The district judge further explained that the sentence was not primarily motivated by the need to punish Brown or by the seriousness of the offense but "principally to place Mr. Brown into a position where he's going to be able, but only if he wants to succeed, in a residential drug program . . . ."

Thus, in sentencing Brown, the district judge adequately considered the appropriate Sentencing Guidelines range and the relevant statutory factors. Further, he explained his reasoning to a sufficient degree to allow for meaningful review by this Court. Accordingly, the sentence is procedurally reasonable.

In *Yopp*, in contrast, there was no evidence that the district court had considered the Chapter Seven policy statements, which rendered the sentence procedurally unreasonable. *Yopp*, 453 F.3d at 773. This court also found the sentence substantively unreasonable because the "sole purpose" of the sentence was to permit Yopp to participate in the prison's 500-hour drug treatment program

but there was no evidence in the record as to how the district court reached the conclusion that a 24-month sentence was required to achieve this single purpose. *Id*. at 774.

Yopp's counsel argued that a 12-month sentence would be sufficient to allow Yopp to participate in the 500-hour program but the district judge disagreed. *Id*. at 772. However, in calculating the sentence necessary to ensure that Yopp could participate in the program, the district judge determined that it would take three months to designate and screen an individual's needs and nine months for the individual to complete the program, which accounted for only 12 months. *Id*. at 774. This court noted that it was possible that the district court found that additional prison time was necessary based on other section 3553(a) factors but that such reasoning did not appear in the record. *Id*.

In this case, the district court's sentence was not based on the unsupported belief that a particular sentence was required for admission into the Bureau of Prisons' 500-hour drug treatment program. Instead, the district court simply expressed its intent to provide Brown with the "maximum opportunity" to get his long-standing substance abuse problems under control, including participation in a "residential drug treatment program." Further, at the sentencing hearing, Brown did not dispute the district judge's determination that the 24-month sentence would provide him an opportunity to combat his drug and alcohol addictions. Nor does he dispute that finding on appeal.

We recognize that "the farther the judge's sentence departs from the guidelines sentence[,] the more compelling the justification based on factors in section 3553(a) must be." *United States v. Davis*, 458 F.3d 491, 496 (6th Cir. 2005)(quotations and citation omitted). As discussed, in fashioning Brown's sentence, the district court considered not only Brown's need for treatment but also the recommended sentencing range and the relevant § 3553(a) factors, including the fact that this was Brown's third appearance before the sentencing judge for drug and alcohol-related offenses. However, given Brown's history, it is reasonable that, at the third revocation hearing, the district court imposed a sentence ten months above the top of the recommended sentencing range. *See, e.g.*, *United States v. Kirby*, 418 F.3d 621, 628 (6th Cir. 2005) (finding that a sentence ten months above the top of the recommended sentencing range for supervised release violations "was more than justified by [defendant's] repeated transgressions."). Accordingly, the sentence was neither unreasonable nor "plainly unreasonable."

For these reasons, we affirm the district court's sentence.