**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0498n.06

**No. 09-5312**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | **FILED**<br>**Aug 11, 2010**<br>LEONARD GREEN, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| **DAVID PUSKAS**, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER and SUTTON, Circuit Judges; CLELAND, District Judge.[*]

**SILER**, Circuit Judge. David Puskas appeals the thirty-eight-month sentence imposed upon the revocation of his supervised release. He argues that his sentence, which represents the statutory maximum and an upward departure from the advisory policy statements set forth in the Sentencing Guidelines, is substantively unreasonable. For the reasons that follow, we **AFFIRM**.

**I. FACTS AND PROCEDURAL HISTORY**

In 2003, Puskas pled guilty to one count of conspiracy to distribute more than 500 grams of methamphetamine mixture, a Class A felony. He was sentenced to fifty-seven months in prison, followed by five years of supervised release. He began serving his term of supervision in 2006, but

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

it was revoked in 2007 after he tested positive for drugs. The district court sentenced him to twenty-two months in prison, followed by a two-year period of supervised release. We affirmed his sentence. *United States v. Puskas*, No. 07-5462 (6th Cir. Sept. 24, 2008) (Order). On November 20, 2008, Puskas again began serving his supervised release term. Five days later, he tested positive for marijuana, and the district court modified the terms of his release to require intermittent periods of confinement on December 11, 2008.

In 2009, Puskas's probation officer petitioned the district court for revocation of his supervised release for a second time, alleging that Puskas had tested positive for marijuana on November 25, 2008, and January 27, 2009, and positive for cocaine on December 11 and 15, 2008. At the revocation hearing, Puskas admitted to violating the terms of his release based on three of the four failed drug screens.

The district court considered the fact that the advisory policy statements under USSG § 7B1.4 recommended a sentence of three to nine months; however, it also recognized the 18 U.S.C. § 3553(a) factors, including Puskas's "personal situation and [] need for substance abuse treatment." It commented on Puskas's "long" history of flouting the terms of his supervised release—namely, his continued "positive drug tests" leading to the first revocation of his supervised release and the December 2008 modifications to his second period of supervised release, his "severe drug addiction" problem, and his "anger management" issues. It remarked that Puskas was "out of control" and "the public needs protection from [him]." Paying particular attention to Puskas's drug problems, the court stated that Puskas's sentence should be long enough to ensure that he could enroll in and complete the 500-hour drug treatment program. Given that the defendant had acknowledged that

2

his prior sentence of twenty-two months had not provided sufficient time even to enroll in the program, the court concluded that Puskas "need[ed] enough time here to [complete it.]" The court imposed the statutory maximum sentence of thirty-eight months in prison.[1] It recommended that Puskas undergo the 500-hour drug abuse treatment program and that he be evaluated for and receive any necessary mental health treatment.

## II. STANDARD OF REVIEW

We review a district court's revocation of supervised release "under a deferential abuse-of-discretion standard, for reasonableness." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (internal quotation marks and citation omitted).

## III. ANALYSIS

Puskas argues that the district court's sentence was substantively unreasonable, merely by virtue of the fact that the court departed upward from the three-to-nine-month range recommended in the policy statement. A sentence is substantively unreasonable only if the district court acted arbitrarily, based the sentence on impermissible factors, failed to consider pertinent 18 U.S.C. § 3553(a) factors, or gave an unreasonable weight to one factor. *United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007). Upon review, we conclude that the sentence is reasonable.

Although the district court did not discuss the § 3553(a) factors in detail, it did address the factors it found most relevant, including the nature of Puskas's supervision violations and his revocation history. It found that Puskas's behavior stemmed from his substance abuse problems, his

---

[1]The statutory maximum was thirty-eight months given Puskas's first revocation sentence of twenty-two months. § 3583(e)(3), (g).

anger management problems, and his continued disregard for the terms of his supervised release. *See* § 3553(a)(1). Based on these facts, the court concluded that Puskas was "out of control" and "the public needs protection from [him]." *See* § 3553(a)(2)(C). It also emphasized Puskas's need for drug treatment, a proper consideration under § 3553(a)(2)(D).[2] *United States v. Johnson*, 403 F.3d 813, 815-16 (6th Cir. 2005). The district court's explanation was sufficient.

The district court also adequately explained its rationale for the twenty-nine-month upward departure, finding that, because Puskas had admitted that his prior revocation sentence of twenty-two months was not long enough for him to enroll in the 500-hour program, the statutory maximum sentence was appropriate. Although the court did not delve into the exact amount of time required to complete the program, defense counsel acknowledged that the prior sentence of twenty-two months was not sufficient. Moreover, Puskas indicated that it could take him up to a year to enroll in the program. It is reasonable that, given the defendant's history and testimony that the program was "flooded now," the court believed that substantial time would be necessary for successful enrollment in and completion of the program. *See, e.g.*, *Brown*, 501 F.3d at 725-26 (affirming as reasonable the district court's decision to revoke defendant's supervised release, due to continued drug and alcohol use, and to sentence him to an above-Guidelines' range of twenty-four months);

---

[2]We reject Puskas's invitation to "reconsider" our position in *United States v. Jackson,* 70 F.3d 874 (6th Cir. 1995), in which we held that a district court "may properly consider a defendant's rehabilitative needs" when determining the length of his sentence for violating the terms of his supervised release. *Id.* at 879-80. We cannot. *Jackson* "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules [it]." *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (internal quotation marks and citation omitted). Since neither of these events has occurred, the district court properly considered Puskas's rehabilitative needs when it sentenced him.

*United States v. Kirby*, 418 F.3d 621, 628 (6th Cir. 2005) (holding that the district court's decision to impose "the statutory maximum term of imprisonment" was reasonable given that the defendant had "continued to engage in criminal activities similar to the crime for which she was originally convicted"). In addition, the district court believed that Puskas needed time to deal with his anger management and other mental health problems.

Given the court's repeated attempts to "work with [Puskas]," it was not unreasonable for it to impose the statutory maximum sentence in this case. *See Kirby*, 418 F.3d at 628 (concluding that an upward departure "was more than justified by [defendant's] repeated [violations of his supervised release conditions]"); *see also Brown*, 501 F.3d at 726 (noting that after the defendant had appeared before the sentencing judge for drug and alcohol-related offenses three times, "it [was] reasonable that, at the third revocation hearing, the district court imposed a sentence ten months above the top of the recommended sentencing range").

For the reasons set forth above, we **AFFIRM** the district court's sentence of thirty-eight months' imprisonment.