NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0791n.06

No. 09-3306

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

**Dec 28, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| RICKEY D. JONES, | ) | |
| | ) | |
| Defendant-Appellant, | ) | |

**BEFORE: MARTIN and SILER, Circuit Judges; BELL, District Judge.**[*]

**PER CURIAM.** Defendant-Appellant Rickey D. Jones appeals the sentence imposed

on him following revocation of supervised release. For the following reasons, we **AFFIRM**.

## I.

In 1999, Jones was convicted of conspiracy to distribute cocaine and marijuana in

violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). His original sentence of 120

months in prison was vacated on appeal. *United States v. Campbell*, 279 F.3d 392 (6th Cir.

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western
District of Michigan, sitting by designation.

1

2002).  Jones was sentenced on remand to 70 months in prison, followed by 5 years of supervised release.  Jones did not appeal his amended sentence.  In 2004, Jones began his first term of supervised release.  His supervised release was revoked in March 2006, and he was sentenced to twelve months in custody followed by 34 months of supervised release.  Jones commenced his second term of supervised release in March 2007.

In August 2008, Jones traveled from Dayton, Ohio, where he was serving his term of supervised release, to Phoenix, Arizona, without the permission of his probation officer.  He traveled with two other convicted felons, one of whom was a co-defendant in his underlying federal drug conviction.  Upon arriving at the Phoenix airport, Jones and his companions were stopped and questioned by police.  The police seized approximately $9,000 in cash and some marijuana residue from Jones.  No criminal charges resulted from this investigation, and Jones did not report this police contact to his probation officer.  Jones was arrested on December 2, 2008, in Sierra Blanca, Texas, on a warrant for supervised release violations.

On March 18, 2009, Jones admitted that he was guilty of all five violations alleged in the supervised release violation report: (1) leaving the judicial district without permission; (2) associating with known felons; (3) failing to submit monthly supervision reports for July and August 2008; (4) being in possession of marijuana residue; and (5) failing to notify his probation officer of his questioning by Phoenix, Arizona, police.  All of the violations are

Grade C violations under Chapter 7 of the United States Sentencing Guidelines and carry a guideline range of 6 to 12 months in prison. The district court recognized the applicable guideline range, but sentenced Jones to the maximum term of incarceration, 24 months, with no supervised release to follow, as recommended in the supervised release violation report. On appeal, Jones argues that the sentence was substantively unreasonable.

## II.

We review sentences imposed following revocation of supervised release "under the same abuse of discretion standard that we apply to sentences imposed following conviction." *United States v. Kontrol*, 554 F.3d 1089, 1092 (6th Cir. 2009) (quoting *United States v. Bolds*, 511 F.3d 568, 572-73, 578 (6th Cir. 2007)). Under this standard of review, "we may overturn a sentence only if it is procedurally or substantively unreasonable." *Id.* (citing *United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008)). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). A district court has broad discretion to determine what sentence will best serve the objectives of § 3553(a), particularly in the "discretion-filled context of supervised release." *Kontrol*, 554 F.3d at 1093. "A sentence is substantively unreasonable if the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or

3

gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)).

Jones contends that the 24-month sentence was substantively unreasonable because it was based on speculation and because it was twice the length of the high end of the applicable guideline range.

Jones's contention that the sentence was based upon a mistaken factual finding is without merit. The district court specifically withdrew its finding that Jones was attempting to flee to Mexico, and reiterated its determination that Jones should receive a 24-month sentence even without this finding.

Jones's contention that the district court impermissibly relied on an unsubstantiated allegation that he had been involved in a drug trafficking transaction is also without merit. "[I]t is well established that a sentencing court is not prohibited from considering uncharged criminal conduct." *United States v. Mayle*, 334 F.3d 552, 565-66 (6th Cir. 2003). "Congress has provided that '[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.'" *Id.* at 566 (quoting 18 U.S.C. § 3661). Here, Jones admitted to the relevant facts regarding his unauthorized travel to Arizona, his association with felons, his questioning by

police officers, and the seizure of cash and marijuana residue from him. It was reasonable and appropriate for the district court to view this evidence as significant in light of Jones's prior conviction for conspiring to distribute cocaine and marijuana.

Even if the sentence was not based upon impermissible factors, Jones contends that the sheer length of the sentence makes it substantively unreasonable. In reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances, including the extent of any variance from the guideline range. *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008). Although we do not apply a presumption of substantive reasonableness to a sentence that falls outside of the guideline range, we must still give "due deference" to the district court's decision that the § 3553(a) factors justify the variance. *Id.* at 322 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). The greater the departure from the guideline sentence, "the more compelling the justification based on factors in § 3553(a) must be." *United States v. Brown*, 501 F.3d 722, 726 (6th Cir. 2007) (quoting *United States v. Davis*, 458 F.3d 491, 496 (6th Cir. 2006)).

The district court was well aware that the 24-month sentence was "substantially above" the guideline range but indicated that it would have imposed an even higher sentence if it were not constrained by the maximum set forth in 18 U.S.C. § 3583(e)(3). The district court noted that it appeared from Jones's conduct that he was returning to behavior and associations consistent with his underlying criminal conviction. In light of Jones's

underlying criminal conviction, the serious nature of his supervised release violations, and his revocation history, the district court found that he was unable or unwilling to conform to the requirements imposed upon him during supervised release. The district court was convinced that "nothing short of a significant additional term of imprisonment" would serve the § 3553(a) sentencing goals of reflecting the seriousness of the violations and providing just punishment that promotes respect for the law.

Although the 24-month sentence imposed in this case is substantially higher than the 6 to 12 month guideline range, we have upheld similar variances in other cases where the defendant engaged in repeated supervised release violations. *See*, *e.g.*, *Brown*, 501 F.3d at 726 (finding a sentence ten months above the top of the recommended sentencing range reasonable where the defendant was before the court on his third revocation hearing); *United States v. Kirby*, 418 F.3d 621, 628 (6th Cir. 2005) (finding that, despite a guideline range of 4 to 10 months, the statutory maximum term of 20 months "was more than justified by [defendant's] repeated transgressions.").

The district court provided a sufficiently compelling justification for imposing the statutory maximum term of imprisonment, and we conclude that the sentence was not substantively unreasonable.

**III.**

For these reasons, we **AFFIRM**