NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0728n.06

No. 10-1280

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Oct 26, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| JULIAN TURNER, | ) | O P I N I O N |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GIBBONS and SUTTON, Circuit Judges; ADAMS, District Judge.[*]

JOHN R. ADAMS, District Judge. Defendant Julian Turner appeals from his sentence of 48 months for violating his supervised release. We AFFIRM the district court's sentence.

On January 16, 2008, after serving 100 months in prison for tax fraud and contempt, Turner began serving three years of supervised release for his offenses. Upon release, Turner was transferred to a jail in Oakland County, Michigan to resolve an outstanding, unrelated warrant. While in jail in Oakland County, Turner convinced an inmate that he was a licensed attorney and could represent the inmate in state court. Turner was released on January 31, 2008 and met with the inmate's mother, Winfred Johnson, three days later, on February 3, 2008. Johnson signed a retainer agreement and wrote Turner a check for initial payment of $400 for his legal representation. Turner cashed the check the following day. Turner is not, and at no time has ever been, a licensed attorney.

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

Throughout the next year, Turner engaged in a scheme to defraud over 20 different people by representing himself as an attorney, agreeing to represent the person, taking the person's money, and disappearing. Federal agents took him into custody on January 22, 2009. On August 26, 2009, Turner pleaded guilty to violating his supervised release by, among other things, committing another federal, state, or local crime.

Both the government and Turner agreed that Turner faced a statutory maximum sentence of five years' imprisonment for violating his supervised release and that the sentencing guidelines provided an advisory range of 21 to 27 months imprisonment. During his sentencing hearing, Turner requested a sentence at the lower end of the advisory range in the interest of fundamental fairness and for treatment of Turner's medical conditions, specifically a torn rotator cuff in the left shoulder, a torn cruciate ligament in the left knee, a cyst, and borderline diabetes.

The government requested the maximum sentence of five years and supported the request with a sentencing memorandum and additional oral argument. The government argued that just three days after being released from jail, Turner violated his supervised release by representing himself as an attorney and collecting a fee, thereby committing fraud. The government provided evidence of over 20 additional times that Turner defrauded people over the course of the year. The government argued that Turner's conduct while on supervised release merited a sentence higher than the advisory range.

The district court sentenced Turner to 48 months imprisonment with credit for time he had been in custody. After announcing Turner's sentence, the sentencing judge, in accordance with *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), asked the parties whether they had "any

objections to the sentence that have not been voiced on the record?" Turner raised no objection to the Court's discussion of the § 3553(a) factors. Accordingly, we review the district court's decision for plain error – at least with respect to the procedural reasonableness of the sentence. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008).

"Plain error is defined as an egregious error, one that directly leads to a miscarriage of justice." *United States v. Busacca*, 863 F.2d 433, 435 (6th Cir. 1988). Plain error occurs when "(1) there was an error, (2) that is clear and obvious, and (3) that affects substantial legal rights" and 4) where that error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Angel*, 355 F.3d 462, 469-70 (6th Cir. 2004).

This Court reviews the district court's sentencing determination for procedural and substantive reasonableness. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (applying *Gall* in supervised release violation context); *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007). We "first ensure that the district court committed no significant procedural error, such as ... failing to consider the § 3553(a) factors ... or failing to adequately explain the chosen sentence[.]" *Gall*, 552 U.S. at 51. With respect to this latter issue, the Supreme Court in *Rita v. United States*, 551 U.S. 338, 356 (2007), made clear that a district court should exercise its discretion in determining how much explanation is necessary and that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." A district judge, therefore, need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Id.*

On appeal, Turner argues that his supervised release violations were non-violent law violations and warranted a sentence within the lower end of the advisory range. He suggests that the district court exceeded the sentencing guidelines as the result of the judge's "animosity" towards him because of his original charge. Turner argues that the imposed sentence of 48 months exceeds even "the appropriate sentence for a person with [his] criminal record who had committed a violent felony while on supervised release[,]" and is, therefore, unreasonable.

"[When] imposing a term of imprisonment following revocation of supervised release, the district court must consider the policy statements contained in Chapter Seven of the Sentencing Guidelines," as well as "the relevant statutory factors listed in 18 U.S.C. § 3553(a)." *United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007) (citations omitted); see also 18 U.S.C. § 3583(e)(listing the factors from § 3553(a) that the court should consider when revoking supervised release). A district court is not, however, required to engage in a "ritual incantation" of the proper sentencing factors. *See United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005).

Turner's revocation sentence was reasonable and fairly reflected the relevant factors in § 3553(a) and the policy statements in chapter seven of the sentencing guidelines. There is no question that the district court demonstrated its knowledge of the § 3553(a) factors. Further, the court explicitly stated that it had considered those factors when imposing sentence. When it imposed sentence, the district court acknowledged the advisory guideline range of 21 to 27 months but stated that the advisory range did not "fairly account[] for the fact that [Turner's supervised release violation] is again a continuation of a criminal conduct that resulted in the original conviction, nor does that account for the human tragedy that was involved among the people who were victimized

in this case, most of whom were living less than hand to mouth at the time that they came up with money that was charged as fees from the services for the absence of service."

The district court then considered the need for a deterrent effect, citing Turner's immediate return to criminal activity after being released from prison for the original offense. The court then balanced Turner's risk of recidivism with basic principals of proportionality for similar offenses. In conclusion, the court considered the factors contained in the Sentencing Reform Act of 1984 and committed Turner to the Bureau of Prisons for a term of 48 months, 12 months less than the maximum allowed by statute. With respect to Turner's concerns regarding his medical conditions, the court honored Turner's request that he be designated to a medical facility. There is no question that the district court demonstrated its knowledge of the § 3553(a) factors. Further, the court explicitly stated and demonstrated that it had considered those factors when imposing sentence. Turner, therefore, has failed to demonstrate any error in his sentence.

For the foregoing reasons, we AFFIRM.