**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0473n.06

No. 18-3070

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 20, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| BRITTANY N. GLASS, | ) | |
| | ) | **OPINION** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Before: SILER, MOORE, and ROGERS, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Brittany Glass appeals her above-Guidelines sentence of twenty-four months' imprisonment for violating her supervised release conditions, arguing that it is both procedurally and substantively unreasonable. For the following reasons, we **AFFIRM**.

## I. BACKGROUND

In 2013, Glass pleaded guilty to one count of conspiracy to possess with the intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C), and three counts of healthcare fraud, in violation of 18 U.S.C. § 1347. R. 1 (Indictment at 1–29, 35–37) (Page ID #1–29, 35–37); R. 141 (Judgment at 1) (Page ID #956). The district court sentenced her to a total of thirty months' imprisonment and three years' supervised release. R. 141 (Judgment at 2–3) (Page ID #957–58).

Glass's term of supervised release began in October 2014. R. 215 (4/19/17 Supervised Release Violation ("SRV") Report at 1) (Page ID #1484). In May 2016 and October 2016, her probation officer reported to the district court that she had failed to pay restitution, but requested no further action. *Id.* In April 2017, her probation officer reported three violations: two positive drug screenings for marijuana and a consistent failure to make payments towards her restitution. *Id.* The district court held a hearing on the government's request for revocation of Glass's supervised release in May 2017. R. 222 (6/6/17 SRV Order at 1) (Page ID #1509). Glass admitted the three violations at the hearing. *Id.* The district court did not revoke Glass's supervised release, but instead modified her supervision by ordering Glass to participate in the Location Monitoring Program for ninety days. *Id.*

In August 2017, Glass's probation officer reported to the district court five further violations: two positive drug screenings for marijuana, failure to submit to a drug screen, failure to comply with substance abuse treatment recommendations, and failure to make payments towards restitution. R. 227 (8/7/17 SRV Report at 1) (Page ID #1524). Before the district court conducted a hearing on these violations, Glass tested positive for marijuana again and failed to submit to another drug screen. R. 239 (8/23/17 SRV Hr'g Tr. at 12) (Page ID #1571). The district court held a violation hearing on August 23, 2017. *Id.* at 1 (Page ID #1560). Glass admitted the seven violations of her supervised release conditions. *Id.* at 4–5, 12 (Page ID #1563–64, 1571); R. 230 (8/24/17 SRV Order at 1) (Page ID #1532). At the hearing, the district court asked Glass if she felt confident that she could refrain from marijuana usage; Glass responded in the

affirmative. R. 239 (8/23/17 SRV Hr'g Tr. at 13–14) (Page ID #1572–73). The district court then offered Glass a choice:

> Here's the option. Your choice. You can do three months[' imprisonment] now, or I can extend location monitoring, keep you going to treatment, and if you violate I'll give you two years in prison. . . . Last time you turned up negative [i.e., Glass's drug screen was negative for marijuana]. Good sign. That's a good sign. Tells me you can do it. But [the government] is right, we've expended a lot of resources on you and this is going to be it. I'll keep you working, keep you on location monitoring, group therapy, keep you with the treatment, and that's it for us. It's up to you. You stay clean, you get out of here clean, pay your restitution, everything's good. You test positive again, I'll rock you.

*Id.* at 14–15 (Page ID #1573–74). Glass agreed that she would take the second chance offered by the district court to stay on supervised release and abide by its conditions. *Id.* at 15 (Page ID #1574).

On September 18, 2017, Glass's probation officer filed another report, indicating that Glass had committed three violations. R. 235 (9/18/17 SRV Report at 1) (Page ID #1550). Glass had tested positive for marijuana on August 31, 2017 and again on September 11, 2017. *Id.* Furthermore, she had still not made a payment towards restitution for over a year. *Id.* The district court held a brief pretrial hearing on the supervised release violations and continued the violation hearing until November 6, 2017. R. 237 (9/29/17 Hr'g Min.) (Page ID #1557–58). At the beginning of November, the parties jointly moved for a continuation of the hearing. R. 247 (Jt. Mot. for Continuation) (Page ID #1609–12). During the delay between the September report for supervised release violations and the hearing in January 2018, Glass's probation officer reported her for another fifteen violations. R. 257 (1/4/18 SRV Hr'g Tr. at 3–5) (Page ID #1645–47).

3

At the hearing, the government dismissed one of the violations and Glass responded to the remaining seventeen violations as follows:

| No. | Date | Violation | Disposition |
|---|---|---|---|
| 1 | Aug. 31, 2017 | Use of a controlled substance (marijuana). | Admitted positive test, but denied new use. |
| 2 | Sept. 11, 2017 | Use of a controlled substance (marijuana). | |
| 3 | n/a | Failure to pay restitution. | Dismissed by the government. |
| 4 | Sept. 14, 2017 | Use of a controlled substance (marijuana). | Admitted positive test, but denied new use. |
| 5 | Sept. 29, 2017 | Use of a controlled substance (marijuana & codeine). | |
| 6 | Oct. 12, 2017 | Use of a controlled substance (marijuana). | |
| 7 | Oct. 26, 2017 | Failure to submit to drug testing. | Admitted |
| 8 | Nov. 16, 2017 | Failure to submit to drug testing. | |
| 9 | Nov. 17, 2017 | Failure to provide employment verification. | |
| 10 | Nov. 21, 2017 | Failure to submit to drug testing. | |
| 11 | Nov. 22, 2017 | Failure to attend drug treatment. | |
| 12 | Nov. 27, 2017 | Use of a controlled substance (marijuana). | |
| 13 | Dec. 3, 2017 | Failure to comply with location monitoring program. | |
| 14 | Dec. 4, 2017 | Failure to comply with location monitoring program. | |
| 15 | Dec. 11, 2017 | Failure to submit to drug testing. | |
| 16 | Oct. 8 to Nov. 18, 2017 | Failure to comply with location monitoring program for seventy-nine hours. | |
| 17 | Dec. 28, 2017 | Failure to submit to drug testing. | |
| 18 | Jan. 2, 2018 | Failure to submit to drug testing. | |

*Id.* at 2–11 (Page ID #1644–53). The Guidelines range for these violations was three to nine months' imprisonment. *Id.* at 30 (Page ID #1672).

The government and Glass presented arguments about her five failed drug screens in August through mid-October. *Id.* at 6–8, 11–18 (Page ID #1648–50, 1653–60). Glass proffered an expert report that opined that these positive tests were based on the residual amount of marijuana

4

in her system after her last admitted use of the drug on August 20 and her self-reported frequency of use prior to that time. *Id.* at 6–8 (Page ID #1648–50); R. 258-1 (Def. Expert Report) (Page ID #1681–94). The government presented its own expert report, which opined that Glass's positive drug tests were the result of use of marijuana after August 20, and not from residual marijuana in her system, and that Glass was a moderate user of marijuana and not, as the defense expert concluded, a chronic user. R. 257 (1/4/18 SRV Hr'g Tr. at 13–15) (Page ID #1655–57); R. 258-2 (Gov't Expert Aff.) (Page ID #1695–1704); R. 258-3 (Corrected Gov't Expert Report) (Page ID #1705–07).

The district court found the government's expert more persuasive because she had provided a more rigorous scientific explanation of the results and a more detailed explanation of why Glass was categorized as a moderate user of marijuana. R. 257 (1/4/18 SRV Hr'g Tr. 28–29) (Page ID #1670–71). The court also noted that Glass had provided conflicting stories about her marijuana usage. The district court concluded that Glass's "[c]redibility is shot" and that the timing of her shifting stories correlated with when the "defendant became I would say educated on residual testing to increase her chances of avoiding the Court's sentence." R. 257 (1/4/18 SRV Hr'g Tr. at 28) (Page ID #1670). The district court then added that, notwithstanding its finding that Glass continued to use marijuana after August 20 "and lied about it, certainly there are other remaining violations which I think prove the defendant is not amenable to supervision." *Id.* at 30 (Page ID #1672).

The district court reminded Glass of the option she had faced at the last violation hearing and that she had not taken advantage of the chance the court had provided her. *Id.* at 32–33 (Page ID #1674–75). It made clear that: "It's not the addiction I'm punishing you for. It's you lying about things and evading and not living up to your responsibilities." *Id.* at 33 (Page ID #1675). The court then stated that, after considering the sentencing factors under 18 U.S.C. § 3553(a), it was sentencing Glass to the statutory maximum of two years' imprisonment with no supervised release to follow. *Id.* at 34 (Page ID #1676).

Glass now appeals her sentence, arguing that it is both procedurally and substantively unreasonable. R. 253 (Notice of Appeal) (Page ID #1631); Appellant Br. at 16.

## II. ANALYSIS

### A. Standard of Review

"We review sentences imposed for violations of supervised release 'under a deferential abuse of discretion standard for reasonableness.'"[1] *United States v. Adams*, 873 F.3d 512, 516 (6th Cir. 2017) (quoting *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007)). A sentence's reasonableness is comprised of two interrelated components: procedural reasonableness and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first consider whether a sentence is procedurally reasonable and then evaluate whether it is substantively reasonable. *Id.* "For sentences within the Guidelines, we may apply a rebuttable presumption of

---

[1]Although Glass raises several procedural arguments before us that she did not raise below, the district court did not ask, at the end of the hearing, whether either party had any objections not previously raised, as it is required to do under *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004). Thus, we will review her procedural objections for abuse of discretion, rather than for plain error. *United States v. Freeman*, 640 F.3d 180, 186 (6th Cir. 2011).

substantive reasonableness." *Bolds*, 511 F.3d at 581. But when, as here, a defendant's sentence is outside the Guidelines range, we may not apply a converse presumption of unreasonableness. *Id.*

## B. Procedural Reasonableness

A sentence is procedurally unreasonable if the district court:

[1] fail[ed] to calculate (or improperly calculat[ed]) the Guidelines range, [2] treat[ed] the Guidelines as mandatory, [3] fail[ed] to consider the § 3553(a) factors, [4] select[ed] a sentence based on clearly erroneous facts, or [5] fail[ed] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall*, 552 U.S. at 51. Glass asserts four arguments why she believes her sentence is procedurally unreasonable: (1) the district court based her sentence on clearly erroneous facts; (2) the district court failed to consider the § 3553(a) factors; (3) the district court did not address Glass's argument for a within-Guidelines sentence; and (4) the district court did not explain why it varied upwards from the Guidelines sentence. Appellant Br. at 16-17. Each of these arguments fails.

First, contrary to Glass's assertion, the district court did not rely on clearly erroneous facts when it concluded that Glass provided inconsistent stories with respect to her marijuana usage. To show that the district court abused its discretion and relied on clearly erroneous facts, Glass "must establish that the challenged evidence is materially false or unreliable, and that such false or unreliable information actually served as the basis for the sentence." *Adams*, 873 F.3d at 517 (quoting *United States v. Robinson*, 898 F.2d 1111, 1116 (6th Cir. 1990)).

By emphasizing the timing of her various stories, Glass attempts to demonstrate that the district court was wrong that she provided inconsistent stories. *See, e.g.*, Appellant Br. at 25;

7

Appellant Reply Br. at 3. But the fact that Glass alternated between stories over time, some of which were partially consistent with one another, only establishes that the district court was correct in concluding that Glass was providing shifting stories. At her second violation hearing in August 2017, Glass admitted that she used marijuana on July 31, 2017. R. 239 (8/23/17 SRV Hr'g Tr. at 12) (Page ID #1571). Then, in September, Glass told her probation officer that the last time she used marijuana was on July 20, 2017—a statement that she later admitted was untrue. R. 235 (9/18/17 SRV Report at 2) (Page ID #1551); R. 257 (1/4/18 SRV Hr'g Tr. at 6) (Page ID #1648). Glass subsequently informed her expert, via defense counsel, that she had last used marijuana on August 20, and that she was smoking two grams of marijuana every week in July. R. 258-1 (Def. Expert Report at 3) (Page ID #1683). Finally, Glass informed her probation officer that she had previously lied and that she had actually last smoked marijuana on August 20, but Glass then contradicted what she had told her defense counsel and said that she had only smoked marijuana "a couple times in July." R. 258-3 (Corrected Gov't Expert Report at 2) (Page ID #1706). The record of Glass's evolving stories supports the district court's conclusion that she repeatedly lied about her drug use. R. 257 (1/4/18 SRV Hr'g Tr. at 31) (Page ID #1673).

Glass next argues that the district court failed to consider sentencing factors articulated in § 3553(a)(1): "the nature and circumstances of the offense and the history and characteristics of the defendant." Appellant Br. at 26; *see also* 18 U.S.C. § 3583(e) (requiring the district court to consider a subset of the sentencing factors in § 3553(a) when revoking a term of supervised release). The offense that the district court must consider is the original offense—here Glass's

conviction for conspiracy to distribute oxycodone and healthcare fraud—rather than the supervised release violations. *United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011). A review of the record reveals that the district court did consider the factors explicated in § 3553(a)(1) as it: reviewed all of the underlying documentation, R. 257 (1/4/18 SRV Hr'g Tr. at 24–25) (Page ID #1666–67); listened to arguments made by defense counsel about Glass's characteristics and then found them to be outweighed by other considerations, *id.* at 18–19 (Page ID #1660–61); *id.* at 33 (Page ID #1675); and explicitly stated that it had considered the § 3553(a) factors, *id.* That the district court did not invoke a "ritual incantation" of the applicable § 3353(a) factors by naming each factor does not make Glass's sentence procedurally unreasonable because the district court explained its reasoning sufficiently to allow for appellate review. *United States v. Bridgewater*, 479 F.3d 439, 441 (6th Cir. 2007).

Glass's third and fourth averred procedural errors are that the district court did not address her argument for a within-Guidelines sentence and did not explain why it varied upwards. Appellant Br. at 27–28. Glass argued that her violations were the result of her addiction to marijuana and that this fact militated in favor of imposing a sentence within the Guidelines range of three to nine months. R. 257 (1/4/18 SRV Hr'g Tr. at 19) (Page ID #1661). Glass also asked the district court to reconsider the statements it had made at her second violation hearing when it had told Glass that, if she continued to violate her supervised release conditions, it would impose the statutory maximum. *Id.*; R. 239 (8/23/17 SRV Hr'g Tr. at 14–15) (Page ID #1573–74).

But, contrary to Glass's arguments, the district court explicitly found that the circumstances of her repeated violations outweighed Glass's argument that her drug addiction was a mitigating factor. R. 257 (1/4/18 SRV Hr'g Tr. at 33) (Page ID #1675). The district court told Glass: "It's not the addiction I'm punishing you for. It's you lying about things and evading and not living up to your responsibilities." *Id.* Furthermore, it explained the "aggravating factors" that justified her sentence. *Id.* The district court stated:

> [I]t appears to me throughout this entire process you've been just stubborn, a stubborn individual who wants to work around the rules, work around the orders, and not comply. You just can't—you just can't live in that gray area where sometimes you're complying and sometimes you're not. . . . I don't think you've been up front, I don't think you've been honest about what you've been doing. . . . You lie to [your probation officer], you lie to me. But I think you lied to everybody here. And most importantly, I think you lied to yourself.

*Id.* at 31 (Page ID #1673). Finally, the district court explained that during the prior violation hearing it had offered Glass a second chance to comply with her supervised release guidelines, with the understanding that it would impose a harsher penalty if she committed additional violations: "You understood completely what would happen, Ms. Glass. You took the chance on yourself. You failed. I'm going to uphold my end of the bargain. And it is warranted under these circumstances based upon everything that I've considered and heard from both sides." *Id.* at 34 (Page ID #1676).

In sum, Glass's sentence is procedurally reasonable. The district court properly calculated her Guidelines range, considered the relevant § 3553(a) factors, based its sentence on its reasonable factfinding, and provided an adequate explanation for imposing an above-Guidelines sentence. *Gall*, 552 U.S. at 51.

## C. Substantive Reasonableness

Glass also argues that her sentence is substantively unreasonable because it is greater than necessary to achieve the goals of sentencing and was arbitrarily selected based on the district court's comments during her prior violation hearing. Appellant Br. at 31–33.

To some extent, Glass's argument with respect to the district court's prior statement that it would impose the statutory maximum speaks more to procedural reasonableness than substantive reasonableness. The boundary between these two components of reasonableness, however, is porous. *Adams*, 873 F.3d at 520. Even if we were to consider Glass's argument to be one about procedure—i.e., that it was procedurally unreasonable for the district court to impose this sentence because it had "predetermined" her sentence at a prior hearing—we would reject it. Although the district court had told Glass it would impose the mandatory maximum if she violated her conditions again, R. 239 (8/23/17 SRV Hr'g Tr. at 14–15) (Page ID #1573–74), it did not impose this sentence merely on the basis of its prior proclamation. Rather, the district court reviewed all of the underlying documentation, heard extensive arguments from counsel, and then explained that it believed that a two-year sentence was "warranted under these circumstances based upon everything that I've considered and heard from both sides," R. 257 (1/4/18 SRV Hr'g Tr. at 34) (Page ID #1676). The district court, in other words, did not predetermine Glass's sentence, but instead based its sentence on the circumstances presented to it at Glass's third violation hearing. *See United States v. Epps*, 655 F. App'x 444, 448–49 (6th Cir. 2016) (rejecting a defendant's argument that his sentence was predetermined because the district court had previously informed

11

him that it would impose the statutory maximum if he violated his supervised release conditions again, because the record clearly indicated that the district court imposed the defendant's sentence because of the circumstances of the new violations and not its prior comments).

In evaluating a sentence for substantive reasonableness, we look at the "totality of the circumstances." *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010) (quoting *Gall*, 552 U.S. at 51). "A sentence is substantively reasonable if it is 'proportionate to the seriousness of the circumstances of the offense and offender, and sufficient[,] but not greater than necessary, to comply with the purposes of § 3553(a).'" *United States v. Solano-Rosales*, 781 F.3d 345, 356 (6th Cir. 2015) (quoting *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008)). On the other hand, "[a] sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Tristan-Madrigal*, 601 F.3d at 633 (quoting *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008)). Moreover,

> [i]f the district court decides to impose a sentence outside the applicable guideline range, the court must "ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one."

*United States v. Bistline*, 665 F.3d 758, 761 (6th Cir. 2012) (quoting *Gall*, 552 U.S. at 50).

Here, the district court considered Glass's repeated lies to her probation officer, her defense counsel, and the court itself. R. 257 (1/4/18 SRV Hr'g Tr. at 31) (Page ID #1673). It pointed to her numerous violations and her multiple attempts to "work around the rules." *Id.* The district court noted that the probation office had expended considerable resources on Glass but that she

12

had not improved her non-compliant behavior. *Id.* at 30–31 (Page ID #1672–73). Finally, the district court considered the fact that Glass had taken advantage of the court's prior extension of leniency, but had still committed eighteen additional violations of her supervised release conditions. *Id.* at 32–34 (Page ID #1674–76). It was not arbitrary for the district court to include in its rationale for imposing the statutory maximum sentence the fact that it had previously been lenient towards Glass in the hopes that she would take advantage of that opportunity. And the invocation of Glass's prior hearing was not a predetermination of Glass's sentence.

Granted, the district court did not explicitly articulate why a sentence of twenty-four months specifically—an upward variance of fifteen months—appropriately reflected Glass's serious and repeated violations. But this court has held that a district court's imposition of an above-Guidelines sentence for a supervised release violation is substantively reasonable when a defendant has repeatedly violated his or her conditions. *See, e.g.*, *United States v. Brown*, 501 F.3d 722, 726 (6th Cir. 2007) (holding that imposing a sentence ten months above the defendant's Guidelines range was substantively reasonable when "this was [the defendant's] third appearance before the sentencing judge for drug and alcohol-related" supervised release violations); *United States v. Kirby*, 418 F.3d 621, 628 (6th Cir. 2005) (holding that the imposition of the statutory maximum sentence, which was ten months above the Guidelines range, was substantively reasonable because the defendant repeatedly violated the conditions of her supervised release); *United States v. Epps*, 655 F. App'x 444, 448–50 (6th Cir. 2016) (affirming a sentence thirteen months above the Guidelines range because this was the defendant's "*fourth* time he was called to

task for violating the terms of his supervised release" (emphasis in original)); *United States v. Jones*, 411 F. App'x 768, 770 (6th Cir. 2010) (concluding that a sentence twelve months above the defendant's Guidelines range was substantively reasonable when the defendant had repeatedly committed serious violations of his supervised release violations); *United States v. Puskas*, 391 F. App'x 432, 435 (6th Cir. 2010) (concluding that a sentence twenty-nine months above the Guidelines range was substantively reasonable when the defendant had frequently violated the terms of his supervised release, despite the "court's repeated attempts to work with [the defendant]" (internal quotation marks omitted)). The upwards variance in this case is similarly justified.

## III. CONCLUSION

For the foregoing reasons, Glass's sentence is not procedurally or substantively unreasonable, and therefore we **AFFIRM** the district court's judgment.